

# THE ATTORNEY GENERAL
## OF TEXAS

February 15, 1990

**JIM MATTOX**
**ATTORNEY GENERAL**

Hon. James Warren Smith, Jr.　·Opinion No. JM-1143
Frio County Attorney
P. O. Box V　　　　　　　　Re:　　Whether a county clerk
Pearsall, Texas 78061-1138　must make available to the
　　　　　　　　　　　　　　public tapes of commissioners
　　　　　　　　　　　　　　court meetings (RQ-1835)

Dear Mr. Smith:

In your letter requesting an opinion you state the
following facts:

> 1. The county clerk makes audio tape
>    recordings of commissioners court
>    meetings.
>
> 2. The county clerk maintains that these tape
>    recordings are her "private notes" and are
>    thus her private property.
>
> 3. The county clerk uses these tape
>    recordings to aid her in preparing the
>    minutes of the commissioners court.
>
> 4. The commissioners court does not require
>    the clerk to tape record either public or
>    executive sessions of the court.

You ask whether such tape recordings must be made
available to the general public.

The county clerk is the <u>ex officio</u> clerk of the
commissioners court and, as such, is required "to record in
suitable books the proceedings of each term of the court."
Local Gov't Code § 81.003(b).

Section 3(a) of the Open Records Act, article 6252-17a,
V.T.C.S., provides:

> All information collected, assembled, or
> maintained by <u>or for</u> governmental bodies,
> <u>except in those situations where the</u>

> governmental body does not have either a
> right of access to or ownership of the
> information, pursuant to law or ordinance or
> in connection with the transaction of
> official business is public information
> . . . [unless within a specified exception].
> (Emphasis added.)

The underlined language in the above-quoted provision was added to the statute in 1989. Acts 1989, 71st Leg., ch. 1248, § 9, at 5023. It exempts materials from coverage by the Open Records Act in situations where materials are produced for a governmental body but the governmental body has neither ownership in nor a right of access to the materials. This exemption is a codification of principles enunciated in previous open records decisions. See, e.g., Open Records Decision No. 445 (1986).

You do not state whether the tapes or the tape recorder are county property or the personal property of the county clerk. However, assuming that they are the personal property of the county clerk, she certainly has access to them in her official capacity as clerk of the commissioners court.

In Open Records Decision No. 225 (1979), the attorney general considered whether handwritten notes of meetings made by the secretary of a governmental body were subject to the Open Records Act. In that decision, as here, the materials in question were not of the type of personal notes that have been held to be exempt from disclosure. The tape recordings in question here are used by the county clerk in the performance of her duties as clerk of the commissioners court. The analysis in Open Records Decision No. 225 and the authorities cited therein are apposite here.

Moreover, the minutes of a commissioners court meeting, being the medium through which the court speaks and acts, is exactly the kind of record the Open Records Act is intended to make available so that citizens may have "full and complete information regarding . . . the official acts of those who represent them." V.T.C.S. art. 6252-17a, § 1; Open Records Decision No. 60 (1974). Tape recordings produced during a meeting of a governmental body as an aid in the preparation of accurate minutes have been expressly found to be subject to the provisions of the Open Records Act. Open Records Decision No. 32 (1974).

Therefore, audio tape recordings of commissioners court meetings that are made by the county clerk as an aid in the

preparation of minutes are subject to the provisions of the Open Records Act. The fact, taken alone, that such recordings may be the personal property of the county clerk does not except them from the Open Records Act.

## S U M M A R Y

Audio tape recordings of commissioners court meetings that are made by the county clerk as an aid in the preparation of minutes are subject to the provisions of the Open Records Act. The fact that such recordings may be the personal property of the county clerk does not except them from the Open Records Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by John Steiner
Assistant Attorney General